```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF ALABAMA
                        SOUTHERN DIVISION


WILLIE JAMES DANIELS,                 :

        Petitioner,                   :

v.                                    :     CIVIL ACTION 08-0246-KD-M

GARY HETZEL,                          :

        Respondent.                   :
```

                      REPORT AND RECOMMENDATION

        Petitioner, an inmate at Donaldson Correctional Facility in
the Northern District of Alabama, filed a petition for habeas
corpus relief under 28 U.S.C. § 2254 (Doc. 1).  Petitioner
challenges the constitutionality of his conviction for escape and
resulting sentence in the Circuit Court of Coffee County,
Alabama, in the Middle District of Alabama.

        Because Petitioner was convicted in the Middle District of
Alabama and is incarcerated in the Northern District, this Court
is the improper venue for this habeas action.  *Braden v. 30th
Judicial Circuit Court of Ky.*, 410 U.S. 484, 497-501 (1973); 28
U.S.C. § 2241.  This Court, however, may transfer this action
pursuant to 28 U.S.C. § 2241(d) "in the interest of justice."
*Dobard v. Johnson,* 749 F.2d 1503, 1506-08 (11th Cir. 1985); *see
also Naum v. Brown*, 604 F.Supp. 1186, 1188 (E.D.N.Y. 1985)
(transferring pursuant to 28 U.S.C. § 1406 to court where
jurisdiction was proper because petitioner was a prisoner and a
pauper).

Inasmuch as the Middle District of Alabama is where Petitioner's conviction and sentence arose, it is recommended that, in the interest of justice, this action be transferred to the United States District Court for the Middle District of Alabama for further proceedings.[1] *Braden,* 410 U.S. at 497 ("Congress explicitly recognized the substantial advantages of having these cases resolved in the court which originally imposed the confinement or in the court located nearest the site of the underlying controversy").

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a <u>de</u> <u>novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(<u>en</u> <u>banc</u>).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time

---

[1] Under 28 U.S.C. § 2241(d), this action could have been originally brought in either the Northern or the Middle Districts of Alabama.  This Court chose the former since it is where Daniels was convicted.  However, if either Party prefers the Northern District, that desire may be made known in an objection to this Recommendation.

is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 15th day of August, 2008.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE